IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

   Plaintiff,

vs.               No. CR 11-0289 JB

ALTON TOM,

   Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed September 13, 2011 (Doc. 31)("Sentencing Memorandum"). The Court held a sentencing hearing on September 15, 2011. The primary issue is whether Defendant Alton Tom should receive a sentence of 120 months, which would be at the low-end of the sentencing range to which the parties agreed. The Court will grant Tom's request a sentence at the low-end of the range to which the parties agreed and will sentence him to 120-months imprisonment.

## PROCEDURAL BACKGROUND

Tom, pursuant to a Plea Agreement, filed June 10, 2011 (Doc. 27), pled guilty to an Information, filed June 10, 2011 (Doc. 24), charging him with a violation of 18 U.S.C. §§ 1153, 2244(a)(5) and 2246(3), that being abusive sexual contact. The Plea Agreement stipulates to a sentence within the range of 120- to 144-months imprisonment. See Plea Agreement ¶ 10(a), at 4. Pursuant to the Plea Agreement, Tom is precluded from seeking any downward departure, variance, or deviation of any kind from the agreed upon sentence. See Plea Agreement ¶ 10(a), at 4.

The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Tom on August 5, 2011. In the PSR, the USPO calculates Tom's base offense level to

be 30.  The PSR includes a 4-level upward adjustment because the victim had not yet attained the age of 12 years.  See PSR ¶ 23, at 8.  The PSR includes a 3-level reduction under U.S.S.G. § 3E1.1 based on Tom's acceptance of responsibility.  PSR ¶ 28, at 8.  The PSR calculates Tom's total offense level as 31.  See PSR ¶ 29, at 8.  The PSR lists his criminal history category as I, based on 0 criminal history points.  See PSR ¶ 32, at 8.  An offense level of 31 and a criminal history category of I results in a guideline imprisonment range of 108 to 135 months.  The PSR notes the impact of the rule 11(c)(1)(C) plea agreement, which is based on the Information, stipulating to a sentence within the 120 to 144 months range, and results in the dismissal of the Indictment.  See PSR ¶ 63, at 14.  Under the Indictment, the guideline imprisonment sentence would have been 360 months pursuant to U.S.S.G. § 5G1.1.  See PSR ¶ 63, at 14.

On September 13, 2011, Tom filed his Sentencing Memorandum.  Tom moves the Court for a sentence of 120-months imprisonment, at the low-end of the sentencing range to which he and Plaintiff United States of America agreed.  See Sentencing Memorandum ¶ 5, at 2. Tom represented that he has a substance abuse problem that revolves around the consumption of alcohol.  See Sentencing Memorandum ¶ 2, at 1.  Tom notes that his criminal history is minor and that most of his criminal history revolves around his use of alcohol.  See Sentencing Memorandum ¶ 3, at 2.  Tom also asserts that the father of the victim physically assaulted him after learning about his offense, which required hospitalization.  See Sentencing Memorandum ¶ 4, at 2.  Tom argues that he should receive a sentence of 120 months, because: (i) he lacks significant criminal history; (ii) his offense conduct stemmed from his substance abuse problems; and (iii) he was physically assaulted after the commission of the offense.  See Sentencing Memorandum ¶ 5, at 2.  Furthermore, Tom contends that he is amenable to treatment and is remorseful.  See Sentencing Memorandum ¶ 5, at 2.

At the sentencing hearing on September 15, 2011, the Court noted that the PSR calculated that an offense level of 31 and criminal history category of I results in a guideline range of 108 to 135 months. See Transcript of Hearing at 3:20-25 (September 15, 2011)(Court)("Tr.").[1] The United States moved for, and the Court granted, a third-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. See Tr. at 4:3-7 (Court, Brito). Tom asked that the Court sentence him to the minimum sentence available in the range to which the parties agreed. See Tr. at 4:15-18 (Jameson). Tom argued that: (i) he has never been in serious trouble with the law before this federal offense; (ii) he is a very young; (iii) the incident involved intoxication; (iv) he is remorseful; and (v) he was very cooperative in the investigation. See Tr. at 4:19-24 (Jameson). Tom asserted that he is amenable to treatment and capable of learning from this incident. See Tr. at 5:3-12 (Jameson). The United States asserted that it believes a sentence of 144 months would be appropriate to address the conduct in this case. See Tr. at 6:22-25 (Brito). The United States noted that not only was the child victim a relative, but she was seven-years old. See Tr. at 7:1-2 (Brito). The United States expressed concern that Tom, although intoxicated, took two opportunities to assault the child while the father was in the home. See Tr. at 7:3-13 (Brito). The United States also noted that the situation could have escalated had the father not intervened, because Tom had removed his penis from his pants. See Tr. at 7:17-22 (Brito). The United States further asserted that there is some question about Tom's amenability to treatment, because, on September 13, 2011, he indicated that he was not interested in the Bureau of Prisons' 500-hour drug and alcohol program. See Tr. at 8:8-17 (Brito).

## ANALYSIS

The Court has reviewed the PSR's factual findings. There not being any objections to the

---

[1]The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

facts included in the PSR, the Court adopts them as its own.  The Court also considered the guideline applications in the PSR and adopts them as its own.  A offense level of 31 and a criminal history category of I, results in a guideline range of 108- to 135-months imprisonment.  The Court notes that Tom touched the seven year-old victim's vagina with his finger.  The Court has carefully considered the parties' arguments and the circumstances of this case.  The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. While the Court accepts the Plea Agreement and will use the range to which the parties have agreed, the Court continues to believe that the punishment set forth in the guidelines is appropriate in this situation.  The Court, having considered the sentencing range that the guidelines establish as well as the range to which the parties have agreed, believes that a sentence at the low-end of the range to which the parties agreed is appropriate.  The Court will thus impose a sentence of 120 months.

The Court believes that 120 months is sufficiently lengthy to reflect the seriousness of the offense, promote respect for the law, provide just punishment, protect the public, and reflect the factors embodied in 18 U.S.C. § 3553(a).  The Court considered Tom's lack of criminal history as well as his substance abuse problem.  The Court believes that Tom's substance abuse is a serious problem and may have contributed greatly to the offense.  The Court also views Tom's substance abuse as a mitigating fact, because, if Tom no longer has a substance abuse problem, he may not be tempted to commit another offense.  With a sex offender, there is always the fear of providing adequate deterrence, but the Court believes that 120 months, or ten years, is sufficient to deter Tom and protect the public.  The two additional years that the United States seeks do not appreciably add protection to society.  The Court considered the factor of avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the Court believes that factor also counsels in favor of a sentence of 120 months.  Imposing an

-4-

additional 24 months will not more fully reflect the factors embodied in 18 U.S.C.§ 3553(a).  While

the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with

one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167,

1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence.  Rather, a

district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply

with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is

reasonable.  Finally, the Court believes that this sentence is sufficient without being greater than

necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform

Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18

U.S.C.).  The Court sentences Tom to 120-months imprisonment.

        **IT IS ORDERED** that Defendant Alton Tom's request for a sentence of 120-months

imprisonment in his Sentence Memorandum, filed September 13, 2011 (Doc. 31), is granted.  The

Court will sentence Tom at the low end of the range to which the parties agreed -- 120-months

imprisonment.

_____
UNITED STATES DISTRICT JUDGE


*Counsel*:

Kenneth J. Gonzales
   United States Attorney
Shana B. Long
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

-5-

Thomas B. Jameson
  Assistant Federal Public Defender
Federal Public Defender's Office
Albuquerque, New Mexico

  *Attorney for the Defendant*