# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Alton Tom** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:11CR00289-001JB** |
| | USM Number: **60619-051** |
| | Defense Attorney: **Thomas Jameson, Appointed** |

THE DEFENDANT:

☒  pleaded guilty to count(s) **Information**
☐  pleaded nolo contendere to count(s)  which was accepted by the court.
☐  after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. Sec. 2244(a)(5), 18 U.S.C. Sec. 2246(3) | Abusive Sexual Contact, Crime in Indian Country, 18 U.S.C. Sec. 1153 | | |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count .
☐  Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**September 15, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**December 19, 2011**
Date Signed

Defendant: **Alton Tom**
Case Number: **1:11CR00289-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **120 months**.

**The Court incorporates by reference its Memorandum Opinion and Order, filed December 6 (Doc. 37)("MOO"). Defendant Alton Tom, pursuant to a Plea Agreement, filed June 10, 2011 (Doc. 27), pled guilty to the Information, filed June 10, 2011 (Doc. 24), charging him with a violation of 18 U.S.C. §§ 1153, 2244(a)(5) and 2246(3), that being abusive sexual contact. The Plea Agreement stipulates to a sentence within the range of 120- to 144-months imprisonment. See Plea Agreement ¶ 10(a), at 4. Pursuant to the Plea Agreement, Tom is precluded from seeking any downward departure, variance, or deviation of any kind from the agreed upon sentence. See Plea Agreement ¶ 10(a), at 4.**

**The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Tom on August 5, 2011. In the PSR, the USPO calculates Tom`s base offense level to be 30. The PSR includes a 4-level upward adjustment because the victim had not yet attained the age of 12 years. See PSR ¶ 23, at 8. The PSR includes a 3-level reduction under U.S.S.G. § 3E1.1 based on Tom`s acceptance of responsibility. PSR ¶ 28, at 8. The PSR calculates Tom`s total offense level as 31. See PSR ¶ 29, at 8. The PSR lists his criminal history category as I, based on 0 criminal history points. See PSR ¶ 32, at 8. An offense level of 31 and a criminal history category of I results in a guideline imprisonment range of 108 to 135 months. The PSR notes the impact of the rule 11(c)(1)(C) plea agreement, which is based on the Information, stipulating to a sentence within the 120 to 144 months range, and results in the dismissal of the Indictment. See PSR ¶ 63, at 14. Under the Indictment, the guideline imprisonment sentence would have been 360 months pursuant to U.S.S.G. § 5G1.1. See PSR ¶ 63, at 14.**

**Tom moves the Court for a 120-month sentence. Plaintiff United States of America agreed to a sentence in the 120- to 144-months imprisonment range in the Plea Agreement. See Plea Agreement ¶ 10(a), at 4. At the sentencing hearing on September 15, 2011, the parties agreed to the Court reducing Tom`s offense level 3-levels pursuant to U.S.S.G. § 3E1.1. The Court adopts the sentencing calculation in the PSR as its own. A criminal offense level of 31 and a criminal history category of I produces a guideline sentence of 108 to 135 months. Pursuant to rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure the Court accepts the Plea Agreement, which includes a specific sentence of 120 to 144 months.**

**The Court notes that Tom touched the seven year-old victim`s vagina with his finger. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. While the Court accepts the Plea Agreement and will use the range to which the parties have agreed, the Court continues to believe that the punishment set forth in the guidelines is appropriate in this situation. The Court, having considered the sentencing range that the guidelines establish as well as the range to which the parties have agreed, believes that a sentence at the low-end of the range to which the parties agreed is appropriate. The Court will thus impose a sentence of 120 months. The Court believes that 120 months is sufficiently lengthy to reflect the seriousness of the offense, promote respect for the law, provide just punishment, protect the public, and reflect the factors embodied in 18 U.S.C. § 3553(a). The Court considered Tom`s lack of criminal history as well as his substance abuse problem. The Court believes that Tom`s substance abuse is a serious problem and may have contributed greatly to the offense. The Court also views Tom`s substance abuse as a mitigating fact, because, if Tom no longer has a substance abuse problem, he may not be tempted to commit another offense. With a sex offender, there is always the fear of providing adequate deterrence, but the Court believes that 120 months, or ten years, is sufficient to deter Tom and protect the public. The Court considered the factor of avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the Court believes that factor also counsels in favor of a sentence of 120 months. Imposing an additional 24 months will not more fully reflect the factors embodied in 18 U.S.C.§ 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. Finally, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Tom to 120-months imprisonment.**

☒    The court makes the following recommendations to the Bureau of Prisons:

**Tucson Federal Correctional Institution, Tucson, Arizona, if eligible**
**The Court recommends the Defendant participate in the Bureau of Prisons sex offender program.**

- ☒ The defendant is remanded to the custody of the United States Marshal.
- ☐ The defendant shall surrender to the United States Marshal for this district:
  - ☐ at  on
  - ☐ as notified by the United States Marshal.
- ☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - ☐ before 2 p.m. on
  - ☐ as notified by the United States Marshal
  - ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Alton Tom**
Case Number: **1:11CR00289-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☒ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state, or tribal sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense;
14) the defendant shall grant a limited waiver of his/her right of confidentiality and any records of mental health treatment imposed as a consequence of this judgment to allow the treatment provider to provide information to the probation officer and sign all necessary releases to enable the probation officer to monitor the defendant's progress. The probation officer shall disclose the presentence report and/or any previous sex offender or mental health evaluations to the treatment provider;
15) the defendant shall not possess any materials including any photographs, images, books, writings, drawings, videos, or video games depicting and/or describing sexually explicit conduct or describing child pornography, as defined in 18 U.S.C. 2256(2) or 18 U.S.C. 2256(8);

16) the defendant shall submit to search of person, property, vehicles, business, computers, and residence, to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting sexually explicit material, as defined in 18 U.S.C. 2256(2) or 18 U.S.C. 2256(8); and at the direction of the probation officer. The defendant must inform any residents that the premises may be subject to a search;
17) the defendant shall immediately undergo a psychosexual evaluation upon release and begin participating in sex offender treatment, consistent with the recommendations of the psychosexual evaluation. Furthermore, the defendant shall submit to clinical polygraph testing and any other specific sex offender testing, as directed by the probation officer;
18) the defendant shall participate in a mental health program as directed by the probation officer which may include taking prescribed medication;
19) a defendant's use and/or possession of alcohol may be restricted if recommended by the treatment provider as a result of ongoing treatment;
20) the defendant shall not go near or enter the premises where the victim resides or is employed, except under circumstances approved in advance and in writing by the probation officer;
21) the defendant shall not have any direct or indirect contact or communication with the victim, except under circumstances approved in advance and in writing by the probation officer;

Defendant: **Alton Tom**
Case Number: **1:11CR00289-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting sexually explicit materials, alcohol, drugs, or any illegal contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must not have contact with children under the age of 18 without prior written permission of the probation officer. He must immediately report unauthorized contact with children to the probation officer.**

**The defendant must not loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places used primarily by children under the age of 18.**

**The defendant must not volunteer for any activities in which he supervises children or adults with mental or physical disabilities.**

**As to standard condition No. 5, it shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program as approved by the probation officer, throughout the term of supervised release.**

**The Defendant must comply with the standard sex offender conditions of adopted by the District of New Mexico on February 6, 2007.**

**The Defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**The Defendant must participate in and successfully complete a substance abuse treatment program as recommended by the treatment provider and as approved by the probation officer, which may include drug testing and outpatient counseling. The Defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The Defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The Defendant is restricted from engaging in an occupation where has access to children.**

Defendant: **Alton Tom**
Case Number: **1:11CR00289-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐         The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
|  | **$100.00** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A      ☒   In full immediately; or
B      ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties:Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.